**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7047**

ELIJAH SHANE CLARY,

Plaintiff - Appellant,

v.

SERGEANT HARPER; MS. HARRIS; DEBORAH HAMM, Sergeant; MR. FIELDS; MR. BODY; ROBERT C. LEWIS; SHEILA MOORE; CYNTHIA MUNDY; ATEIAT PHILIPS; MR. PHILIPS; UNKNOWN CUSTODY OFFICER; DARLENE WHITE; MS. WHALEY,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:12-ct-03204-D)

Submitted: May 31, 2017                    Decided: June 15, 2017

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elijah Shane Clary, Appellant Pro Se. Kimberly D. Grande, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; Kelly Street Brown, Elizabeth Pharr McCullough, YOUNG MOORE & HENDERSON, PA, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Shane Clary appeals from the bench trial verdict in favor of Defendant Harper and the grant of summary judgment to the remaining defendants. Clary sued various prison officials, contending that they were deliberately indifferent to and failed to protect him from sexual assault by other prisoners. In particular, Clary alleged that, on October 7, 2009, Harper, recognizing Clary was at particular risk, assigned him to a prison unit known to be particularly dangerous and to contain prison rapists. We previously granted Clary's motion for production of a transcript at Government expense. After a careful review of the record, we affirm.

## I.

Clary first submits that, at trial, Harper submitted a document showing that Clary's case factor score was sufficient to place him in a maximum security prison. Clary claims that this document was not designated at the pre-trial hearing and could have been refuted had Clary been given proper notice. Contrary to Clary's contention, this document appears to have been produced prior to trial. In any event, Clary did not object pretrial or at trial. On appeal, Clary presents no evidence that the document was factually inaccurate. Finally, even if the document was improperly admitted and erroneous, any error was merely harmless, as Clary's classification was irrelevant to the issues at trial.

## II.

Clary next asserts that the district court refused to require production of the "comments" section of the case factor document discussed above. Clary contends that the comments section would have shown his reports of sexual harassment while at Central

Prison. Clary also contends that the district court improperly denied his request for video footage from October 7, 2009, which he claims would have shown his interaction with Harper.

First, Clary presents no evidence that a comments section was excluded or, if it was, what the section would have contained. He did not specifically request this document either prior to or during his trial. Moreover, even if the failure to produce this document was improper, the fact that Clary had been targeted for sexual harassment at Central Prison had no bearing on Harper's allegedly improper decision to change Clary's room assignment upon Clary's arrival at Maury Correctional Institute. Specifically, there was no evidence that Harper ever saw the document prior to the events of October 7, or that such information necessitated a different assignment. *

Turning to the video evidence, Clary's request was denied because it was not timely made. Clary presents no reasons on appeal for his delay, and he offered none in district court. Further, he did not establish at trial that video cameras would have captured anything relevant to his case. Accordingly, Clary has not shown any error by the district court regarding the production of evidence.

---

* Clary also contends that the comments section of this document would have assisted him in avoiding summary judgment by showing that officials knew of his susceptibility to harassment and attack and did nothing to protect him. However, Clary has not shown that he properly requested this section in district court. Given that there is no evidence that the comments section exists or what it would say, we find that Clary's claim is unsupported.

4

III.

Clary next contends that the district court improperly prevented him from submitting certain evidence at trial. First, he contends that certain of his documents would have shown that Harper's witness, contrary to his testimony, knew Clary and had ruled on some of his grievances. Second, he asserts that he should have been able to present evidence showing that, when he was admitted to prison, he was ranked at high risk for sexual assault and that he immediately reported that he was already being targeted.

The record does not show that the court barred these documents. The record shows that Harper objected at the pretrial conference, but the court made no ruling at that time. Clary did not attempt to offer the documents or confront the witness with them at trial. In his informal brief, Clary asserts that he did not know how to file a pretrial order to include the materials because he was not trained in the law. However, the pretrial order included documents designated by Clary, and Clary does not explain whether these materials were the same documents referred to in the pretrial order or other ones. If they were not the same, Clary does not explain why he included some documents in the pretrial order but not all. Because Clary has not properly clarified his claim, it is without merit.

IV.

Clary next contends that Harper and his witness lied regarding Harper's ability to change cell assignments, the inability to know who made an initial assignment that was deemed a typo, and other facts. However, Clary was free to cross-examine the witnesses on these topics, and to some extent he did. Nonetheless, the district court found Harper

5

and his witness to be credible. This determination is not reviewable on appeal. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

V.

Clary asserts that the district court erred in denying him counsel, and he claims that, had he been provided with an attorney, summary judgment would not have been granted against him and he would have prevailed at trial. Specifically, he asserts that an attorney would have obtained more records and witnesses, amended his complaint, obtained a videotape of the prison during the time of his assaults, and prevented Harper's counsel from questioning him regarding his crime. Clary also avers that his mental and emotional disabilities prevented him from competently representing himself.

We review the decision to deny appointed counsel in a civil case for abuse of discretion. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296 (1989). The Constitution does not compel the appointment of counsel in civil cases. *Id.* Nevertheless, courts do have the power to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e) (2012). Moreover, "it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." *Yuam*, 739 F.2d at 163. Whether the circumstances are exceptional depends on "the type and complexity of the case, and the abilities of the individuals bringing it." *Id.* (internal quotation marks omitted).

Here, the district court did not abuse its discretion in failing to appoint counsel for Clary. While Clary contends that he was unable, as a pro se litigant, to show that he

6

reported the assaults in a timely manner and that nothing was done in response, there is no indication in the record that Clary is telling the truth. Defendants have submitted various sick call requests and grievances from Clary during the relevant time period, and none of them mention a sexual assault. The district court was not required to appoint counsel for Clary simply based on his unsupported allegations that other evidence existed.

Regarding his trial, Clary's own statements that Harper meant him no harm were fatal to his claim that Harper was deliberately indifferent to his safety. Thus, any errors or other evidence that might have been clarified or prevented by an attorney would not have changed the outcome of the trial. Finally, Clary's evidence that he suffered from a mental or emotional disability does not show that this disability constituted an extraordinary circumstance requiring appointment of counsel.

## VI.

Finally, Clary contends that the district court improperly denied his attempt to show evidence of a continuing wrong. Clary sought to show that, before, during, and after his stay at Maury, officials ignored rape risk factors and took no steps to protect vulnerable inmates like himself. However, the court did not prohibit Clary from presenting any evidence or arguments at the summary judgment stage. While Clary contends that he requested statistical information during discovery that he never received, there is no indication that this discovery dispute was presented to the court. While certain of Clary's requests were rejected as overbroad, the record does not show that Clary sought to revise his request.

7

We find that, at trial, Clary's attempt to show a continuing wrong was properly denied, as the only issue at trial was Harper's knowledge and actions on October 7, 2009. Moreover, given that the district court ruled that Harper never spoke with Clary on the day in question and given that Clary explicitly stated that Harper had no intention to harm him, any evidentiary error was merely harmless.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

*AFFIRMED*